IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALVIN JANKLOW, Derivatively on Behalf of STERICYCLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES A. ALUTTO, DANIEL V., GINNETTI, JOSEPH B. ARNOLD, RICHARD T. KOGLER, FRANK J.M. TEN BRINK, MARK C. MILLER, JACK W. SCHULER, JOHN PATIENCE, LYNN DORSEY BLEIL, MIKE S. ZAFIROVSKI, RODNEY F. DAMMEYER, THOMAS D. BROWN, THOMAS F. CHEN, WILLIAM K. HALL, JONATHAN T. LORD, and RONALD G. SPAETH, <br><br> Defendants, <br><br> and, <br><br> STERICYCLE, INC., a Delaware Corporation, <br><br> Nominal Defendant. | C.A. No. 18-457-GMS |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF
<u>THEIR MOTION TO STAY PROCEEDINGS</u>**

OF COUNSEL:
Sean M. Berkowitz
Michael J. Faris
Meghan M. Hansen
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

Date: April 18, 2018

Lisa A. Schmidt (#3019)
Kelly E. Farnan (#4395)
Richards, Layton and Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
schmidt@rlf.com
farnan@rlf.com
*Counsel for Defendants Stericycle, Inc.,
Charles A. Alutto, Daniel V. Ginnetti, Joseph
B. Arnold, Richard T. Kogler, Frank J.M. ten
Brink, Mark C. Miller, Jack W. Schuler, John
Patience, Lynn Dorsey Bleil, Mike S.
Zafirovski, Rodney F. Dammeyer, Thomas D.
Brown, Thomas F. Chen, William K. Hall,
Jonathan T. Lord, and Ronald G. Spaeth*

RLF1 19174363v.1

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 3

    A.    The Federal Securities Class Action ...................................................................... 4
    B.    The State Derivative Actions ................................................................................. 5
    C.    The Present Action ................................................................................................. 6

ARGUMENT ......................................................................................................................... 6

    A.    This Action Should Be Stayed Because The Issues Underlying Plaintiff's Claims Are Intertwined With Those Being Litigated In The Securities Class Action ........................................................................................................... 7
    B.    This Action Should Be Stayed To Avoid Duplicative Litigation And Prevent A Waste Of Resources ............................................................................... 8
    C.    This Action Should Be Stayed To Prevent Prejudice To Defendants .................... 9
    D.    At A Minimum, A Stay Of Discovery Is Required By The PSLRA .................... 11
    E.    A Stay Of This Action Will Not Result In Harm To Plaintiff .............................. 12

CONCLUSION .................................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Brenner v. Albrecht*,
 No. CIV.A. 6514-VCP, 2012 WL 252286 (Del. Ch. Jan. 27, 2012) ............................ 6, 8, 10, 12

*Brudno v. Wise*,
 No. Civ. A. 199523, 2003 WL 1874750 (Del. Ch. Apr. 1, 2003) ...................................... 7, 8, 12

*Husqvarna AB v. Toro Co.*,
 No. CV 15-856-SLR, 2016 WL 5213904 (D. Del. Sept. 20, 2016) ............................................ 6

*Hyland v. Harrison*,
 No. CIV. A. 05-162-JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) ...................................... 6, 12

*In re Groupon Derivative Litig.*,
 882 F.Supp.2d 1043 (N.D. Ill. July 31, 2012) ........................................................................ 7, 11

*In re Massey Energy Co.*,
 C.A. No. 5430- VCS, 2011 WL 2176479 (Del. Ch. May 31, 2011) ........................................... 7

*Landis v. N American Co.*,
 299 U.S. 248 (1936) .................................................................................................................... 6

## STATUTES AND OTHER AUTHORITIES

15 U.S.C. 78u-4(b) ............................................................................................................... 3, 11

Fed. R. Civ. P. 26(c) ............................................................................................................. 2, 13

H.R. Rep. No. 104-369 (1995) .................................................................................................. 11

S. Rep. No. 104-98 (1995) ........................................................................................................ 11

Defendants Charles A. Alutto, Daniel V. Ginnetti, Joseph B. Arnold, Richard T. Kogler, Frank J.M. ten Brink, Mark C. Miller, Jack W. Schuler, John Patience, Lynn Dorsey Bleil, Mike S. Zafirovski, Rodney F. Dammeyer, Thomas D. Brown, Thomas F. Chen, William K. Hall, Jonathan T. Lord, and Ronald G. Spaeth (collectively, the "Individual Defendants"), and Nominal Defendant Stericycle, Inc. ("Stericycle" or the "Company") (collectively, with the Individual Defendants, "Defendants"), by and through their counsel, respectfully submit this opening brief in support of their motion to stay the shareholder derivative action brought by Plaintiff Alvin Janklow ("Plaintiff"), pursuant to the terms outlined herein. In support of their motion, Defendants state as follows:

## PRELIMINARY STATEMENT

Defendants respectfully request a stay of this action pending resolution of Defendants' motion to dismiss a related federal securities class action[1] against Stericycle, which involves overlapping claims and nearly all the same Individual Defendants.

The present action is one of numerous civil actions filed in various federal and state courts arising out of allegations that Stericycle was improperly overcharging customers and failed to disclose this to shareholders. In addition to the Securities Class Action, two other derivative cases are currently pending in Illinois state court, both of which are subject to a stay until Defendants' motion to dismiss the federal securities claims is resolved.[2] On April 12, 2018,

---

[1] *St. Lucie County Fire District Firefighters' Pension Trust Fund, et al. v. Stericycle, Inc., et al.*, Case No. 1:16-cv-07145 (N.D. Ill. Filed July 11, 2016) (the "Securities Class Action").

[2] *Weinstein v. Alutto et al.*, Case No. 2017-CH-03062 (Cook Cty. Cir. Ct. Filed Mar. 1, 2017); *Shah v. Alutto et al.*, Case No. 2016-CH-11636 (Cook Cty. Cir. Cty. Filed Sept. 1, 2016) (together, the "Illinois State Derivative Actions"); Agreed-to Order to Appoint Co-Lead and Co-Liaison Counsel and Temporarily Stay Litigation, *Shah v. Alutto*, Case No. 2016-CH-111636, at ¶13 (July 11, 2017), Ex. 1 (staying consolidated cases) ("Order Staying Derivative Actions").

another derivative case was filed in Delaware Chancery Court,[3] and the parties have agreed to a stay similar to that entered in the Illinois State Derivative Actions, although it has not yet been entered by the court. Absent a stay of the present action, the resources of three courts will be needlessly duplicated, as denial of a stay of Plaintiff's claims will terminate the stays in the State Illinois Derivative Actions.[4]

Permitting this action to proceed simultaneously with the pending Securities Class Action would waste judicial resources and subject Defendants to significant and unnecessary burden, wasteful and needless expense, and a substantial risk of inconsistent results. In contrast, the Plaintiff will face no substantial harm due to a short stay, and in fact will benefit from a decision on Defendants' motion to dismiss the Securities Class Action, which may resolve several legal and factual questions central to the claims in this action. Moreover, if this action is not stayed, Stericycle would be placed in the untenable position of suing the Individual Defendants, through a shareholder, while Stericycle and the Individual Defendants are simultaneously jointly defending claims in the Securities Class Action arising from the very same facts.

If this case is not stayed in its entirety, which it should be, discovery should be stayed under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Fed. R. Civ. P. 26(c) pending a decision on a motion to dismiss in this case and the Securities Class Action. The PSLRA *automatically stays discovery* unless and until a Securities Exchange Act claim survives a challenge to its legal sufficiency, reflecting Congress' intent to minimize discovery burdens on defendants unless a plaintiff has demonstrated that it has pled a viable claim. *See* 15 U.S.C. 78u-

---

[3] *Siu v. Miller et al.*, Case No, 2018-0273 (Del. Ch. Filed April 12, 2018) ("*Siu*," together with the Illinois State Derivative Actions, collectively, the "State Derivative Actions").

[4] Order Staying State Derivative Actions, Ex. 1 (providing that stay will terminate upon "a request by Plaintiff or Defendants upon 30 days written notice to lift the stay in the event a related derivative action is filed with a court that does not enter a stay").

4(b)(3). Here, Plaintiff has alleged a Section 10(b) claim, and the automatic stay applies. Additionally, this claim is virtually identical to the claim currently before the court in the Securities Class Action. Courts regularly stay discovery under these circumstances. A stay of this action thus would not only promote efficient resolution of Plaintiff's claims, but is required by the provisions of the PSLRA.

Under both the PSLRA and well-settled precedent addressing lawsuits such as these, this derivative action should not be permitted to proceed until the factual and legal questions forming the basis for Plaintiff's claims--whether Defendants improperly failed to disclose material information--are resolved by the court rendering a decision on Defendants' motion to dismiss the Securities Class Action.

## STATEMENT OF FACTS

Stericycle specializes in the collection, processing, and disposal of regulated waste and the collection and secure destruction of personal and confidential information. Stericycle's customers generate a variety of regulated waste, including medical waste such as needles, syringes, and infectious agents, commercial waste deemed hazardous by environmental regulators, and pharmaceutical wastes such as expired or recalled pharmaceuticals.

On January 8, 2013, the New York Attorney General ("NY AG") issued a press release in which he accused Stericycle of improperly increasing contract prices to government customers and announced a settlement related to these claims. Press Release, N.Y. Att'y Gen, A.G. Schneiderman Announces $2.4 Million Settlement With Stericycle For Overcharging NY State And Local Entities (Jan. 8, 2013), *available at* https://ag.ny.gov/press-release/ag-schneiderman-announces-24-million-settlement-stericycle-overcharging-ny-state-and. The press release stated that an investigation by the NY AG had found that Stericycle was "improperly overcharging nearly 1,000 New York government entities." *Id.* The press release went on to assert: "Since

3

2003, Stericycle implemented a plan to charge automated price increases (APIs) without giving any notice to these customers and in violation of the contract terms." *Id.* The press release noted that its investigation related to a whistleblower complaint that a former Stericycle employee had filed, which alleged that this "API scheme" operated to "fraudulently overcharge[] government customers across the United States." *Id.*

Within two months, on March 12, 2013, Stericycle was served with a class action complaint filed in the U.S. District Court for the Western District of Pennsylvania by an individual plaintiff asserting claims for itself and all other customers (SQ and LQ) similar to the claims asserted in the NY AG's investigation and the *qui tam* action. Ultimately, approximately twenty separate actions were filed around the country and consolidated by the Panel on Multidistrict Litigation before the United States District Court for the Northern District of Illinois. *See In re Stericycle, Inc.*, MDL No. 2455 (N.D. Ill. Filed Apr. 15, 2013). A settlement in the amount of $295 million was approved by the District Court for the Northern District of Illinois on March 8, 2018. *In re Stericycle, Inc.*, MDL No. 2455, ECF No. 382 (N.D. Ill. Mar. 8, 2018).

A. **The Federal Securities Class Action**

While the customer class action was pending, shareholders filed numerous derivative and direct claims, several of which are currently pending. The furthest along is a putative Securities Class Action pending in the United States District Court for the Northern District of Illinois. The Securities Class Action alleges violations of Sections 11, 12(a), and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by the Company, certain of its current and former officers and directors (including the vast majority of the Individual Defendants), and the Company's underwriters, and alleges that the defendants made

false and misleading statements to the investing public regarding the Company's finances and growth prospects. The parties in the Securities Class Action completed briefing on the plaintiffs' third amended complaint on June 19, 2017. On March 30, 2018, the court granted the plaintiffs' leave to file a fourth amended complaint and struck Defendants' motion to dismiss as moot. Defendants anticipate filing a motion to dismiss the fourth amended complaint, which is due on May 25, 2018, with briefing to be complete by July 13, 2018.[5]

### B. The State Derivative Actions

There are two state court derivative actions pending in the Circuit Court of Cook County, Illinois, Chancery Division. The Illinois State Derivative Actions allege state law claims for breach of fiduciary duty, unjust enrichment, waste of corporate assets, abuse of control, and gross mismanagement against certain of Stericycle's current and former officers and directors, including the vast majority of the Individual Defendants. Given the factual overlap between the State Derivative Actions and the Securities Class Action, the Illinois State Derivative Actions were consolidated and stayed pending, among other things, an order by the court in the Securities Class Action denying any part of defendants' motion to dismiss.

The *Siu* action is a derivative action pending in the Delaware Chancery Court. *Siu* alleges state law claims for breach of fiduciary duty, insider trading, and waste of corporate assets against certain of Stericycle's current and former officers and directors, including the vast majority of the Individual Defendants. Given the factual overlap between the *Siu* action and the Securities Class Action, the parties have agreed to a stay similar to that entered in the Illinois State Derivative Actions, and will be filing an agreed motion with the court.

---

[5] *St. Lucie County Fire District Firefighters' Pension Trust Fund, et al. v. Stericycle, Inc., et al.*, Case No. 1:16-cv-07145, ECF No. 86 (N.D. Ill. Apr. 10, 2018.), Ex. 2.

### C. The Present Action

On March 26, 2018, over a year after the most recent derivative action was filed against Stericycle and its directors, Plaintiff filed a Verified Shareholder Derivative Complaint under seal in this court alleging violations of Section 10(b) and 14(a) of the Securities Exchange Act of 1934 by the Individual Defendants, and alleges that the Defendants made false and misleading statements to the investing public regarding the Company's finances and growth prospects. Plaintiff's complaint further alleges common law claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment.

## ARGUMENT

Given that Plaintiff's claims are related to the alleged violations of the federal securities laws claimed in the Securities Class Action, a temporary stay of this action pending resolution of the motion to dismiss the Securities Class Action is appropriate to avoid inefficiencies and duplicative efforts, preserve the resources of the Court and the parties, and more closely align the proceedings in this action with the proceedings in the State Derivative Actions and Securities Class Action. The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Husqvarna AB v. Toro Co.*, No. CV 15-856-SLR, 2016 WL 5213904, at *1 (D. Del. Sept. 20, 2016 (quoting *Landis v. N American Co.*, 299 U.S. 248, 254 (1936)); *see also Hyland v. Harrison*, No. CIV. A. 05-162-JJF, 2006 WL 288247, at *7 (D. Del. Feb. 7, 2006) (staying action pending parallel securities action in another jurisdiction). In determining whether to grant a motion to stay, courts should consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party, i.e., the balance of harms; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay will promote judicial economy." *Id.* The factors here weigh in favor of a stay,

as (1) resolution of the issues being litigated in the Securities Class Action will simplify the issues underlying Plaintiff's claims in this action, (2) having Defendants litigate what are essentially the same claims in three forums would be inefficient and waste of judicial and party resources, (3) duplicative litigation would cause Defendants prejudice by forcing them to take inconsistent positions, and (4) a stay would not cause any harm to Plaintiff.

    A.    **This Action Should Be Stayed Because The Issues Underlying Plaintiff's Claims Are Intertwined With Those Being Litigated In The Securities Class Action**

A stay of this action is warranted because Plaintiff's claims turn upon factual and legal questions presently being litigated in the Securities Class Action – namely, whether Defendants engaged in improper pricing practices and made inadequate disclosures regarding these practices. Courts have held that where derivative and direct claims are intertwined such as these "[o]ne cannot even rationally determine what the potential derivative liability is until the direct liability [the company] faces is determined." *In re Massey Energy Co.*, C.A. No. 5430- VCS, 2011 WL 2176479, at *27 (Del. Ch. May 31, 2011); *see also Brudno v. Wise*, No. Civ. A. 199523, 2003 WL 1874750, at *4 (Del. Ch. Apr. 1, 2003) ("Put simply, if the Federal Securities Action were to lead in the exoneration of . . . defendants on the grounds that the company did not in fact engage in any type of securities violation, market manipulation, or improper conduct of any kind designed to artificially inflate the value of [the stock], it is not apparent what, if anything, would be left of this [derivative] Action."). Although federal securities "class and derivative actions are based on different legal claims, the underlying issues are similar . . . and courts have regularly stayed one action in favor of the other despite the different nature of the claims." *In re Groupon Derivative Litig.*, 882 F.Supp.2d 1043, 1051 (N.D. Ill. July 31, 2012) (collecting cases).

Here, Plaintiff makes direct correlations between the purported disclosure violations and the alleged breaches of fiduciary duty for which he seeks damages. *See* Compl., D.I. 1, at ¶¶

7

283 ("In making these improper and misleading statements and omissions of material fact, defendants breached their duties."); 289 ("each and every member of the Audit Committee breached their fiduciary duty by allowing or approving the improper statement"). Plaintiff's claims are premised on a finding of disclosure violations and therefore turn on the outcome of those same claims being litigated in the Securities Class Action. Indeed, Plaintiff specifically alleges violations of Section 10(b) of the Securities Exchange Act, which is a claim in the Securities Class Action as well. Thus, to the extent that these actions proceed at all, they should follow rather than precede the resolution of Defendants' motion to dismiss the Securities Class Action. *See Brudno*, 2003 WL 1874750, at *5 ("the sensible ordering of events is for the ... [securities class] [a]ction to proceed first.").

  **B. This Action Should Be Stayed To Avoid Duplicative Litigation And Prevent A Waste Of Resources**

Staying this litigation in favor of the Securities Class Action will preserve the resources of the Court and all parties. Other courts typically stay derivative cases that are premised on conduct that is the subject of federal litigation because "simultaneous prosecution of both actions unduly complicated, inefficient, and unnecessary." *Brenner v. Albrecht*, No. CIV.A. 6514-VCP, 2012 WL 252286, at *6 (Del. Ch. Jan. 27, 2012) (staying derivative action in favor of federal securities class action); *Brudno*, 2003 WL 1874750, at *4 n.8 (staying derivative action and noting that the "court has [discretion] to determine that a matter on its docket should not proceed because that procession would cause undue burdens and costs in light of related litigation pending in another jurisdiction"). This is true even where the claims in the derivative action are "only partially contingent on the outcome of the Securities Class Action." *Brenner*, 2012 WL 252286, at *6; *see also Brudno*, 2003 WL 1874750, at *4 (finding that although the claims were not identical, "the Delaware Action largely turns on the outcome of the Federal Securities

8

Action"). A stay of this action would preserve Defendants' resources needed to litigate against the claims pending in the Securities Class Action and promote efficient use of judicial resources by avoiding duplicative motion practice on several of the same claims brought against the same defendants. Additionally, as discussed above, if the present action is not stayed, Defendants will be forced into the position of moving forward with the three State Derivative Actions, multiplying the prejudicial effect and inefficient use of resources.

### C. This Action Should Be Stayed To Prevent Prejudice To Defendants

The Securities Class Action involves the majority of the same parties, circumstances and alleged misconduct as Plaintiff's action here. In essence, the Plaintiff's Complaint asserts that the Individual Defendants negligently, recklessly or knowingly caused Stericycle to make material misstatements or omissions in public filings with respect to Stericycle's pricing – exactly the same allegations that underlie the federal Securities Class Action. *Compare* Compl., D.I. 1, at ¶¶ 72 ("Stericycle does not disclose to its customers that though they agreed to a fixed contract price, the Company's policy and practice was to routinely increase the contract price"); 207 ("the Company still misled the market to believe that its revenues were based on legitimate billing practices"), *with* Am. Compl., *St. Lucie County Fire District Firefighters' Pension Trust Fund, et al. v. Stericycle, Inc., et al.*, Case No. 1:16-cv-07145, ECF No. 84, at ¶¶ 62 ("Stericycle did not disclose these "automated price increases," or "APIs," in advance to the customers who paid them"), 150 (Stericycle "continued to mislead the market into believing the Company's revenues were based on legitimate practices.") (Mar. 30, 2018), Ex. 3.

Allowing Plaintiff's claims to proceed at this time cannot be in the best interests of Stericycle or its shareholders. If this action is allowed to proceed past the motion to dismiss stage, Stericycle would be alleging (through Plaintiff as a shareholder) that the conduct of the

9

Individual Defendants was wrongful, while at the very same time making precisely the opposite argument in the Securities Class Action. *See id.* ("Prosecution of [the] derivative action would involve taking actions designed to refute the merits of the Company's defense of the Securities Class Action, and vice versa ... [s]taying this action for the immediate future would minimize these risks of prejudice to [the Company's] defense of the Securities Class Action."). Moreover, in litigating their claims, Plaintiff (including Stericycle itself through Plaintiff as a shareholder) may question the credibility of the Individual Defendants, almost all of whom are defendants in the Securities Class Action, and many of whom would be witnesses for Stericycle in that action should it proceed to discovery. *See, Brenner*, 2012 WL 252286, at *6 (finding prejudice to defendants where the derivative action would "attempt to undermine [directors'] credibility while the Company presumably will attempt to rely on their veracity").

Indeed, the entire predicate of the present action is that (i) Stericycle subjected its customers to improper automatic price increases without informing customers, (ii) the directors wrongfully failed to disclose this improper pricing practice and made, or caused Stericycle to make, misstatements that its revenues were based on legitimate pricing practices, (iii) the directors caused Stericycle to repurchase its stock at artificially inflated prices based on these misstated revenues, (iv) the directors' actions were improper, and (v) the directors exposed the Company to harm. Prosecution of these derivative claims fundamentally conflicts with the Company's (and its codefendants') defense of the Securities Class Action, which is premised on substantially similar allegations. Plaintiffs in the Securities Class Action also likely would claim that Defendants are collaterally estopped from challenging any adverse factual determinations made by this Court. Proceeding with this action cannot be said to be in the best interest of the corporation, and should not be permitted in these circumstances. *See In re Groupon*, 882

10

F.Supp.2d at 1052 ("Given the significant overlap between the two cases, and the potential prejudice to [the Company] should the present action proceed, the court concludes [the Company] would face hardship if forced to go forward at this juncture.").

### D. At A Minimum, A Stay Of Discovery Is Required By The PSLRA

Even if this Court does not stay the entire action pending resolution of Defendants' motion to dismiss in the Securities Class Action, it should at least stay discovery until (1) the court in the Northern District of Illinois renders a decision on that motion and (2) this Court renders a decision on a motion to dismiss that Defendants will file if the case is not stayed in its entirety. As noted above, the Securities Exchange Act imposes an automatic stay of discovery, providing that "[i]n *any* private action arising under this subchapter, all discovery and other proceedings *shall be stayed during* the pendency of *any* motion to dismiss . . . ." *See* 15 U.S.C. § 78u-4(b)(3) (emphasis added). After assessing decades of litigation under the federal securities laws, Congress enacted the PSLRA to curb certain "abusive practices," including "the abuse of the discovery process to impose costs so burdensome that it is often economical for the victimized party to settle[.]" *See* H.R. Rep. No. 104-369, at 31 (1995). The PSLRA therefore mandates that discovery in Securities Exchange Act cases would begin "only after the court has sustained the legal sufficiency of the complaint." S. Rep. No. 104-98, at 14 (1995).

The PSLRA's automatic discovery stay applies here. This action alleges private securities fraud claims, and is itself subject to the stay. Additionally a motion to dismiss claims arising from the same alleged violations of the Securities Exchange Act is currently pending in the Securities Class Action. *See* 15 U.S.C. § 78u-4(b)(3). Given the rationale underlying the PSLRA discovery stay—to avoid wasteful and unnecessary costs—a stay of discovery until both motions to dismiss are decided makes eminent sense here. Whether under the PSLRA or the Court's inherent authority to manage the cases pending before it, this Court should, at a

11

minimum, stay discovery in this action. *See Hyland*, 2006 WL 288247, at *7 (staying action alleging claims under the Securities Act and Securities Exchange Act pending resolution of a securities class action in another federal court).

E. **A Stay Of This Action Will Not Result In Harm To Plaintiff**

In contrast to the hardship that moving forward with this action would cause Defendants, Plaintiff will experience no prejudice as the result of a stay, whether of discovery or of the entire action. If Defendants are successful in defending against the Securities Class Action, and there is no finding of wrongdoing on the part of the Individual Defendants, then the parties may consider that information in deciding whether to pursue Plaintiff's claims in this action. If, on the other hand, there is an adverse judgment against defendants in the Securities Class Action, all parties will be in a better position to evaluate whether, and against whom, to proceed. *See, e.g.*, *Hyland*, 2006 WL 288247, at *7 (finding no prejudice to plaintiffs where the "stay will adequately preserve the interests of the [derivative] Plaintiffs in this action, while simultaneously allowing their interests to be served in the [Federal Securities] Action"); *Brenner*, 2012 WL 252286, at *7 (finding no prejudice to derivative plaintiffs where "the Securities Class Action plaintiffs 'have a strong incentive to develop evidence that will be useful to the plaintiffs in [both actions].'") (quoting *Brudno*, 2003 WL 1874750, at *4) (alteration in original). Further, as the proposed stay (and the stays in the State Derivative Actions) are dependent on all other similar cases being stayed, Plaintiff has no risk of losing his "place in line."

## **CONCLUSION**

For the forgoing reasons, Defendants respectfully request that the Court enter an order temporarily staying this action pursuant to the following terms:

a) This action shall be stayed until the occurrence of any of the following Triggering Events:

    i) the entry of any order denying any portion of any motions to dismiss in the Securities Class Action (other than any request that dismissal be with prejudice), or a final order dismissing the Securities Class Action with prejudice;

    ii) a joint request by Plaintiff and Defendants to lift the stay of proceedings;

    iii) a request by Plaintiff or Defendants upon 30 days written notice to lift the stay in the event a related derivative action is filed with a court that does not enter a stay under terms similar to that of this Motion; or

    iv) an order of the Court in this action to terminate the stay; provided, however, that the filing of an amended complaint shall not constitute a Triggering Event and shall not otherwise affect the pendency of the stay.

b) Upon the occurrence of any of the Triggering Events, Plaintiff and Defendants will meet and confer in good faith concerning the appropriate course for the this action, including a schedule for the case and a proposed deadline for Defendants' response to the Complaint (or an amended complaint, if one has been filed).

c) Defendants shall not be required to move, answer, plead or otherwise respond to the Complaint (or any consolidated or amended complaint) during the pendency of the stay of proceedings.

In the alternative, Defendants respectfully request that, pursuant to Fed. R. Civ. P. 26(c) and the PSLRA, the Court enter a stay of all discovery until (1) the court in the Securities Class Action renders a decision on Defendants' motion to dismiss, and (2) this Court renders a decision on a motion to dismiss that Defendants will file if the case is not stayed in its entirety.

WHEREFORE, Defendants respectfully request that the Court grant their Motion to Temporarily Stay Litigation, enter the [proposed] Order attached hereto, and grant any such further relief that the Court may deem appropriate.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Sean M. Berkowitz<br>Michael J. Faris<br>Meghan M. Hansen<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, IL 60611<br>(312) 876-7700<br><br>Dated: April 18, 2018 | */s/ Lisa A. Schmidt*<br>Lisa A. Schmidt (#3019)<br>Kelly E. Farnan (#4395)<br>Richards, Layton and Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>schmidt@rlf.com<br>farnan@rlf.com<br><br>*Counsel for Defendants Stericycle, Inc., Charles A. Alutto, Daniel V. Ginnetti, Joseph B. Arnold, Richard T. Kogler, Frank J.M. ten Brink, Mark C. Miller, Jack W. Schuler, John Patience, Lynn Dorsey Bleil, Mike S. Zafirovski, Rodney F. Dammeyer, Thomas D. Brown, Thomas F. Chen, William K. Hall, Jonathan T. Lord, and Ronald G. Spaeth* |