IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALVIN JANKLOW, Derivatively on Behalf of STERICYCLE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARLES A. ALUTTO, DANIEL V. GINNETTI, JOSEPH B. ARNOLD, RICHARD T. KOGLER, FRANK J.M. TEN BRINK, MARK C. MILLER, JACK W. SCHULER, JOHN PATIENCE, LYNN DORSEY BLEIL, MIKE S. ZAFIROVSKI, RODNEY F. DAMMEYER, THOMAS D. BROWN, THOMAS F. CHEN, WILLIAM K. HALL, JONATHAN T. LORD, and RONALD G. SPAETH, <br><br> Defendants. <br><br> and, <br><br> STERICYCLE, INC., a Delaware Corporation <br><br> Nominal Defendant. | Civil Action No. 18-457-CFC |

Blake A. Bennett, COOCH AND TAYLOR, P.A., Wilmington, Delaware; Ashley R. Rifkin, ROBBINS ARROYO LLP, San Diego, California

*Counsel for Plaintiff*

Lisa A. Schmidt, Kelly E. Farnan, RICHARDS, LAYTON and FINGER, P.A., Wilmington, Delaware

*Counsel for Defendants*

# MEMORANDUM ORDER

At Wilmington this 11th day of December, 2018, having reviewed Defendants' Motion to Temporarily Stay Litigation and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 26) is **GRANTED**, for these reasons:

1. **Background.** Nominal Defendant Stericycle, Inc. ("Stericycle") is a company that specializes in the collection, processing, and disposal of regulated waste. D.I. 27 at 3. In 2010, a Stericycle employee filed a *qui tam* action against Stericycle, accusing Stericycle of improperly overcharging customers by implementing automated price increases ("APIs") in excess of the flat rates Stericycle agreed to charge its customers. D.I. 31 at 3–4. Stericycle settled the *qui tam* action for over $29 million, and Stericycle's customers began to pursue litigation across the country, with approximately twenty separate actions filed against Stericycle. *Id.* at 4. The various actions were consolidated by the Panel on Multidistrict Litigation before the

United States District Court for the Northern District of Illinois, which approved a settlement in March 2018 for $295 million. *See In re Stericycle, Inc. Steri-safe Contract Litig.*, MDL No. 2455, ECF No. 382 (N.D. Ill. Mar. 8, 2018).

2. In addition to the customer class action, Stericycle's shareholders filed various derivative and direct claims arising out of the allegations that Stericycle was improperly overcharging customers and failed to disclose such overcharging to shareholders. The action furthest along is a federal securities class action against Stericycle filed in the Northern District of Illinois. *See St. Lucie Cty. Fire Dist. Firefighters' Pension Tr. Fund v. Stericycle, Inc.*, No. 1:16-cv-07145 (N.D. Ill. filed July 11, 2016) (the "Securities Class Action"). The Securities Class Action alleges violations of Sections 11, 12(a), and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by Stericycle, current and former officers and directors, and Stericycle's underwriters. Securities Class Action, D.I. 84. The defendants in the Securities Class Action have filed a motion to dismiss, which has been fully briefed as of July 13, 2018. Securities Class Action, D.I. 91, 95.

3. In addition to the Securities Class Action, there are two state court derivative actions pending in the Circuit Court of Cook County, Illinois, Chancery

Division, *see Weinstein v. Alutto*, No. 2017-CH-03062 (Ill. Cir. Ct., Cook Cty. filed Mar. 1, 2017); *Shah v. Alutto*, No. 2016-CH-11636 (Ill. Cir. Ct., Cook Cty. filed Sept. 1, 2016), as well as a state court derivative action pending in the Delaware Chancery Court. *See Sui v. Miller*, No. 2018-0273 (Del. Ch. filed Apr. 12, 2018). All three of these state court derivative actions have been stayed pending the resolution of defendants' motion to dismiss in the Securities Class Action. *See* D.I. 28, Ex. 1; *Sui v. Miller*, No. 2018-0273-JTL (Del. Ch. May 24, 2018) (granting joint motion to stay).

4. On March 26, 2018 Plaintiff Alvin Janklow, derivatively on behalf of Stericycle, Inc. ("Plaintiff"), initiated this action with the filing of his Verified Shareholder Derivative Complaint alleging violations of Section 10(b) and 14(a) of the Securities Exchange Act of 1934 and common law claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment by Charles A. Alutto, Daniel V. Ginnetti, Joseph B. Arnold, Richard T. Kogler, Frank J.M. Ten Brink, Mark C. Miller, Jack W. Schuler, John Patience, Lynn Dorsey Bleil, Mike S. Zafirovski, Rodney F. Dammeyer, Thomas D. Brown, Thomas F. Chen, William K. Hall, Jonathan T. lord, and Ronald G. Speath (collectively, the "Individual Defendants") and Stericycle (collectively, with the Individual Defendants, "Defendants"). D.I. 2. On April 18, 2018, Defendants filed the present motion to stay

3

temporarily this litigation pending the resolution of the motion to dismiss in the Securities Class Action. D.I. 26.

5. **Standard of Review.** A court has discretionary authority to grant a motion to stay. *See Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). Courts should consider three factors in determining whether to grant a motion to stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party, i.e., the balance of harms; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay will promote judicial economy, e.g., how close to trial has the litigation advanced." *Husqvarna AB v. Toro Co.*, 2016 WL 5213904, at *1 (D. Del. Sept. 20, 2016) (citing *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir. 1983)).

6. **Analysis.** With respect to the first factor, the balance of harms, the Court finds that a stay will not unduly prejudice Plaintiff. Plaintiff argues that the length of the requested stay is "indefinite," and that Plaintiff's derivative action is not contingent on the Securities Class Action. D.I. 31 at 8–11. Although Plaintiff is correct that stays of indefinite duration are disfavored, *see Structural Grp., Inc. v. Liberty Mut. Ins. Co.*, 2008 WL 4616843, at * 5 (M.D. Pa. July 13, 2009), Defendants only seek to stay temporarily the present action until the United States District Court for the Northern District

4

of Illinois resolves their motion to dismiss in the Securities Class Action. D.I. 26. In contrast, Defendants are likely to suffer prejudice if the present litigation is not stayed because Defendants may be forced to take inconsistent positions if required to litigate simultaneously the Securities Class Action and the present action. *See Brenner v. Albrecht*, 2012 WL 252286, at * 4 (Del. Ch. Jan. 27, 2012) (granting stay of derivative action because derivative action "risk[ed] prejudicing the Company's defense" of a securities class action).

7. The second factor, simplifying the issues for trial, also weighs in favor of a stay. Although Plaintiff, unlike the plaintiffs in the Securities Class Action, has pled a Section 14 claim and common law claims for breach of fiduciary duty, waste of corporate assets, and unjust enrichment, Plaintiff's allegations arise out of the same underlying factual conduct alleged in the Securities Class Action. *Compare* D.I. 2 ¶¶ 72-73, 79 *with* Securities Class Action, D.I. 84. §§ IV(B), (V)(A)(1), (V)(C). Furthermore, Plaintiff has pled the same Section 10(b) claim alleged in the Securities Class Action.

8. The final factor, promoting judicial economy, clearly weighs in favor of a stay. The present derivative litigation is in its infancy, and the Court has not yet directed its scarce resources to the merits of this dispute. In contrast, the motion to dismiss in the Securities Class Action has been fully briefed.

Even though the claims in the Securities Class Action are not entirely identical to Plaintiff's claims, the Securities Class Action addresses many of the factual and legal issues likely to arise in the present litigation. "Given the duplicative nature of the facts at issue, staying the present case in favor of the class action would preserve judicial resources and reduce the litigation burden on the parties and the court." *In re Groupon Derivative Litig.*, 882 F.Supp.2d 1043, 1051 (E.D. Ill. 2012). Accordingly, the Court concludes that this action should be stayed until the Northern District of Illinois completes the first substantive inquiry of any securities violations committed by Stericycle.

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE